IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT E. COFIELD,  No. 2:15-cv-2554-MCE-CMK-P

    Petitioner,

  vs.  <u>FINDINGS AND RECOMMENDATION</u>

JOSIE GASTELO,[1]

    Respondent.

                         /

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 10). Petitioner filed a petition for re-sentencing in opposition to the motion (Doc. 13).

    **I.**    **MOTION TO DISMISS**

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Josie Gastelo is substituted for his/her predecessor. The Clerk of the Court is directed to update the docket to reflect the above caption.

1

petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's federal habeas corpus petition on the grounds[2] that the petition is a second or successive petition filed without leave of the Court of Appeals. Petitioner's opposition argues the merits of his petition and does not address the issue of whether the petition is second or successive.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the

---

[2] Respondent also contends the petition is filed in the wrong court as petitioner was convicted out of Alameda County, which falls within the Northern District of California. However, as the undersigned finds the petition is second or successive, judicial economy is served with simply dismissing the petition. If, or when, petitioner is able to obtain permission from the Ninth Circuit to file a second or successive, petitioner is informed that the more appropriate district in which to file his petition is the district where he was convicted. In this case, that would be the Northern District of California as he was convicted in Alameda County. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15 (1973); 28 U.S.C. § 2241(d).

exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Likewise, the denial of a petition on procedural default grounds is also a determination on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

Here, petitioner does not dispute that he has filed a prior petition for writ of habeas corpus. His prior[3] petition, Cofield v. McDonald, C 12-4556 LHK (PR) (ND Cal May 16,

---

[3] This court takes judicial notice of petitioner's prior case, filed in the Northern District of California. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007).

3

2013), was dismissed as filed beyond the statue of limitations.  Petitioner's argument as to the merits of his petition, that his sentence is unauthorized, is made to the wrong court.  Such an argument must be made to the Court of Appeals in an application for leave to file a second or successive petition.  Until such permission is requested and granted by the Court of Appeals, this court lacks jurisdiction to reach the merits of his arguments.  See Cooper v. Calderon, 274 F.3d at 1274-75.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. 10) be granted on the ground that the petition is successive; and

2. Petitioner's application for writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE